**VAIULA TEETAI TUITASI, FALESELAU FALEAFAGA TUITASI, and TUITASI PISAINA FAAMASNI, on behalf of himself and the TUITASI FAMILY, Plaintiffs,**

**v.**

**TOLUAO SAUTA`ATIA, on behalf of himself and Members of the TOLUAO FAMILY, JOHN PURVIS, EFVJ TRUCKING CO., JOHN EMANUEL PU`E, and DOES I-V, Defendants.**

High Court of American Samoa
Land and Titles Division

LT No. 06-04

May 26, 2004

Before RICHMOND, Associate Justice, SAGAPOLUTELE, Associate Judge, and MAMEA, Associate Judge.

Counsel: For Plaintiffs, Marie A. Lafaele
For Defendants Toluao Seuta`atia and Members of the Toluao Family, S. Salanoa Aumoeualogo
For Defendants John Purvis, EFVJ Trucking Co., and John Emanuel Pu`e, *Pro se*

## JUDGMENT OF CONTEMPT

The order made on April 15, 2004, requiring Defendants to show cause why they should not be held in contempt of court for violation of the temporary restraining order ("TRO") entered in this action on March 17, 2004, against Defendants Toluao Seuta`atia and Toluao Family, and the three TROs respectively entered on March 19, 2004 against Defendants John Purvis, EFVJ Trucking Co., and John Emanuel Pu`e came regularly for hearing on May 20, 2004. Plaintiff Vaiula Teetai Tuitasi and his counsel were present. Defendant Toluao Seuta`atia and his counsel were also present. Defendants John Purvis, EFVJ Trucking Co. and John Emanuel Po`e were not present. All Defendants were duly served with notice of the order to show cause hearing on May 10, 2004.

The Court, having heard testimony and considered the evidence, finds:

1. The TRO entered on March 17, 2004, and the three TROs entered on March 19, 2004, were duly issued and entered.

2. At all times after the TROs were respectively served on all Defendants, they have had notice and knowledge of the TRO pertaining to them. The TROs against Defendants John Purvis, EFVJ Trucking Co., and John Emanuel Pu`e were first served on March 19, 2004. The TRO against Defendants Toluao Seuta`atia and Toluao Family was served on March 24, 2004.

3. At all times since the TROs were served on the Defendants, they have respectively had, and now have, the ability to comply with the TRO pertaining to them.

4. All Defendants have failed to comply with the TRO pertaining to them in the following particulars.

Each of the four TROs temporarily prohibits the respectively applicable Defendant: (a) "[f]rom mining, excavating, processing, [or] removing rocks, dirt or any natural materials" from the land alleged to be the Tuitasi family's communal land located on the mountain slope behind Plaintiff Vaiula Teetai Tuitasi's home in the village of Malaeola; and (b)

"[f]rom authorizing or permitting any other person(s) to excavate, process, or remove rocks, dirt, or any other natural materials" from the same land.

The land at issue is also communally claimed by the Defendant Toluao Family.

On March 30, 2004, Plaintiff Vaiula Teetai Tuitasi inspected the land. On April 6, 2004, while tending to his plantation below the land at issue, he heard noise sounding like a loader and other large equipment coming from the area, and then saw the loader placing dirt into trucks, which hauled away the loaded dirt. No people were present, nor any operations going on, when he arrived at the area later in the day. However, he observed differences in the conditions on April 6 from conditions existing on March 30, 2004. The same generator was there on both dates. The loader operating on April 6 was not there on March 30. The generator was connected to the loader on April 6. Rocks not on the screen on March 30 were there to be crushed on April 6. Fresh tire marks were on fresh dirt adjacent to the screen on April 6. No one other than Defendant Toluao Seuta`atia authorized removal of material from the area at issue, and no one other than Defendants John Purvis, EFVJ Trucking Co., and John Emanuel Pu`e have removed material from the area at issue throughout the entire time frame encompassed by the complaint and contempt application.

Clearly, all the Defendants failed to comply with the TRO applicable to them during the period from March 30 to April 6, 2004. Defendant Toluao, for himself and Defendant Toluao Family, authorized the excavation and crushing of rocks on and the removal of dirt from the land at issue. Defendants John Purvis, EFVJ Trucking Co., and John Emanuel Pu`e, who is an officer of EFVJ Trucking Co., carried out the authorized excavation and crushing of rocks and the removal of dirt from the land.

5. In failing to comply with the TRO applicable to them, the Defendants acted willfully and contemptuously.

### Order

1. All Defendants are in contempt of this Court and shall be punished for their contempt by payment of fines as follows: (a) Defendants Toluao Sau`ta`atia and the Toluao Family are jointly and severally fined $1,000.00; (b) Defendant John Purvis is fined $1,000.00; and (c) Defendants John Emanuel Pu`e and EFVJ Trucking Co., are jointly and severally fined $1,000.00. All three fines shall be paid to the Clerk of the Court not later than June 15, 2004.

2. Attorney's fees and costs incurred for prosecuting this contempt application shall be directly paid to Plaintiff's counsel, also not later than June 15, 2004, as follows: (a) Defendants Toluao Seuta`atia and the Toluao Family shall jointly and severally pay $250.00; (b) Defendant John Purvis shall pay $250.00; and (c) Defendants John Emanuel Pu`e and EFVJ Trucking Co. shall jointly and severally pay $250.00.

3. Because the evidence clearly shows that the individually named Defendants are acting in concert regarding the prohibited removal of materials from the land at issue, Defendants Toluao Seuta`atia, John Purvis, and John Emanuel Pu`e shall appear before the Court on June 18, 2004, at 9:00 a.m., for a further hearing to determine if they are in compliance with this order and on how the Court will deal with any deficiency in the payment of the imposed fines and assessed attorney's fees and costs. All three individually named Defendants shall appear at that time and place without further order, notice or subpoena, and regardless of whether he has paid the fine imposed on him in paragraph 1 above or the attorney's fees and costs assessed against him in paragraph 2 above.

It is so ordered.